**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SABRA M. WILSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1356** |
| **TAKATA CORPORATION, ET AL.** | **SECTION "B"(3)** |

### ORDER AND RASONS

Defendants Nissan North America, Inc. ("NNA") and Nissan Motor Company, Ltd. ("NML") (collectively "Nissan") filed a motion for partial summary judgment. Rec. Doc. 12. Plaintiffs filed a response in opposition. Rec. Doc. 18. Defendants sought, and were granted, leave to file a reply. Rec. Doc. 37.

For the reasons discussed below,

**IT IS ORDERED** that defendants' motion for partial summary judgment on damages is **GRANTED, dismissing plaintiffs' claim for punitive damages.**

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Sabra Wilson alleges that she was driving her 2006 Nissan Sentra in Montz, Louisiana on March 21, 2015 when, during "stop-and-go" slowed traffic due to heavy smoke from a nearby marsh fire, she inadvertently rear-ended a vehicle in front of her. Rec. Doc. 11-5 at 287; Rec. Doc. 2 at 7. As a result of the impact, plaintiffs allege that the vehicle's front, passenger side airbag deployed violently and with overly excessive force and sound, expelling hot metal shrapnel and other parts of the inflator into

1

the interior of the vehicle, striking Ms. Wilson's right side, face, and hands and causing her serious injuries. Id; Rec. Doc. 2 at 8. Plaintiffs also allege that the explosion resulted in significant and permanent property damage to the vehicle, owned by plaintiff William R. Wilson, and rendered the vehicle economically infeasible to repair. Rec. Doc. 11-5 at 288; Id. Plaintiffs were citizens of Saint Charles Parish, Louisiana at the time of the accident and the subject vehicle was purchased by Mr. Wilson in Metairie, Louisiana. Rec. Doc. 12-1 at 2.

This case was transferred to the Southern District of Florida as part of the ongoing multidistrict litigation regarding Takata airbag products on March 2, 2016. Rec. Doc. 6. As directed by the MDL court, a Second Amended Consolidated Personal Injury Track Complaint ("SACC") was filed that consolidated the claims of all personal injury plaintiffs in the multidistrict litigation, including the plaintiffs in this case. Rec. Doc. 11-5. The SACC asserted negligence and strict liability claims against Nissan defendants, "including design defect, manufacturing defect, and failure to warn, under the common law of the state whose law applies to the underling Personal Injury Track action or the statutory law of such state, including but not limited to the Louisiana Products Liability Act." Rec. Doc. 11-5 at 209; Rec. Doc. 11-6 at 11-12. Plaintiffs seek damages for bodily injury, pain and suffering, physical impairment, mental anguish, past and

future loss of capacity for enjoyment, past and future medical expenses, past lost wages and future lost wage-earning capacity, and damage to the vehicle. Rec. Doc. 11-6 at 11-12. Plaintiffs also seek punitive damages. Id. The Takata defendants were dismissed from this case on May 14, 2018 (Rec. Doc. 30), and the case was subsequently remanded back to this Court on November 19, 2018. Rec. Doc. 10.

Defendants now file the instant motion for partial summary judgment to dismiss plaintiffs' claim for punitive damages with prejudice. Rec. Doc. 12. Plaintiffs filed an opposition in response. Rec. Doc. 18. Defendants filed a reply. Rec. Doc. 27.

## **LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where

3

the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618.

Louisiana Civil Code Article 3542 provides the general rule on resolving conflicts of law in tort or delictual actions, stating that they shall be "governed by the law of the state whose policies would be most seriously impaired if its law were not applied." La. C.C. Art. 3542. However, the commentary on Article 3542 explains that, where applicable, the specific rules of Articles 3543-3546 shall prevail over Article 3542, because they "are a priori legislative determinations of 'the state whose policies would be most seriously impaired if its law were not applied'." Id. at Subsection (b) to Revision Comments–1991. Article 3545 provides the specific choice-of-law rule for product liability cases. It states that the law of Louisiana shall apply:

> (1) when the injury was sustained in this state by a person domiciled or residing in this state; or (2) when the product was manufactured, produced, or acquired in this state and caused the injury either in this state or in another state to a person domiciled in this state.

La. C.C. Art. 3545.

Article 3547, however, provides an escape from the choice-of-law rules of Articles 3543-3546 for certain "exceptional cases". Article 3547 states that the law applicable under Articles 3543-3546 shall not apply if:

> from the totality of the circumstances of an exceptional case, it is clearly evident under the principles of Article 3542, that the policies of another state would be more seriously impaired if its law were not applied to the particular issue. In such event, the law of the other state shall apply.

La. C.C. Art. 3547.

### A. Louisiana Law Applies

Louisiana Civil Code Article 3545 states that Louisiana law applies to cases where the injury was sustained in Louisiana by a person domiciled or residing in Louisiana. It is undisputed that the car accident at issue in this case occurred in Montz, Louisiana and both plaintiffs were Louisiana residents at the time of the accident. Rec. Doc. 12-1 at 2; Rec. Doc. 2 at 2. Additionally, Article 3545 states that Louisiana law also applies when the product was acquired in Louisiana and caused injury either in Louisiana or to a person domiciled in Louisiana. In this case, it is undisputed that the vehicle was purchased in Metairie, Louisiana and caused injuries in Montz, Louisiana to plaintiffs who are domiciled in Louisiana. Rec. Doc. 12-1 at 2; Rec. Doc. 12-2 at 7. Therefore, under both prongs of Article 3545, Louisiana law should apply.

5

The Louisiana Products Liability Act ("LPLA") establishes the exclusive theories of liability for manufacturers for damage caused by their products. *See* LA. R.S. §2800.52. The LPLA establishes theories of liability for claims based on construction or composition, design, inadequate warning, and nonconformity to express warranty. *See* La. R.S. §2500.55-58. The LPLA does not allow recovery of punitive damages, as courts in Louisiana have repeatedly recognized. *See Shively v. Ethicon, Inc.*, 2018 WL 6816083, at *4 (W.D. La. Dec. 27, 2018); *McLaughlin v. GlaxoSmithKline, LLC*, 2014 WL 669349, at *3 (W.D. La. Jan. 6, 2014); *Pierre v. Medtronic, Inc.*, 2018 WL 1911829, at *5 (E.D. La. Apr. 23, 2018); *Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759, 770 (W.D. La. 2007); *Cheeks v. Bayer Corp.*, 2003 WL 1748460, at *1 (E.D. La. Mar. 28, 2003).

Plaintiffs acknowledge that punitive damages under the LPLA are now allowed. However, they argue that the LPLA should not apply to their punitive damages claim, and we should instead apply the laws of either California or Tennessee under Article 3547. Therefore, absent the application of Article 3547, both parties agree that punitive damages would not be allowed.

B. <u>Article 3547 Does Not Apply</u>

As noted earlier, Louisiana Civil Code Article 3547 applies only to "exceptional case[s]" where "it is clearly evident" from

6

the totality of the circumstances that the policies of another state "would be more seriously impaired" if its law were not applied. In a nearly identical argument as here for the application of Article 3547, the Western District of Louisiana considered and rejected it. *Shively v. Ethicon* was a products liability case involving an allegedly defective medical device. *See Shively v. Ethicon, Inc.,* 2018 WL 6816083, at *1 (W.D. La. Dec. 27, 2018). Plaintiffs were Louisiana residents who claimed they were implanted with a defective medical device in Louisiana that caused them serious injuries. They brought a products liability case against the New Jersey based manufacturer seeking punitive damages. The *Shively* plaintiffs argued that Article 3547's escape mechanism permitted the application of New Jersey's law on punitive damages in their case. *Id.* The Court held that plaintiffs' case was "simply not the kind of truly exceptional case to which Article 3547 was intended to apply." *Id.* at *5. The Court explained that "[n]umerous products liability actions are brought in Louisiana each year," many involving products manufactured out of state that have caused injury to Louisiana residents. *Id.* Therefore, while recognizing that New Jersey had an interest in preventing manufacturers of defective products from placing them in the stream of commerce and failing to warn of the dangers associated with such products, the Court found this interest was "not so great as

7

to transform this into an exceptional case which trumps Article 3545." *Id.*

This Court finds the Western District of Louisiana's reasoning persuasive here. There is nothing exceptional about the interests of California or Tennessee in this case that distinguishes them from those present in numerous other products liability cases. While we recognize, as the *Shively* court did, that California and Tennessee have an interest in deterring the manufacturers of defective products, this interest does not overcome Louisiana's interests in a case where the injuries occurred in Louisiana, the defective product was acquired in Louisiana, and the plaintiffs are Louisiana residents. Plaintiffs point to defendants' actions in allegedly continuing to install the defective airbags as evidence that this case is "exceptional". Rec. Doc. 18 at 6-7. However, the relevant consideration for the Court in this analysis is the interests of the foreign states, not the nature of defendants' alleged conduct. The interests of California and Tennessee that would arguably be impaired in this case by not permitting plaintiffs to seek punitive damages are identical to the interests arguably impaired in every products liability case involving Louisiana residents and an out-of-state manufacturer. There is nothing exceptional about the foreign states interests in this case that would outweigh Louisiana's interests. Professor Symeonides' scholarly article, cited by

plaintiffs, is not outcome determinative. While the article posits that "it is theoretically possible for a court to award punitive damages under a foreign law in a products case that is otherwise governed by Louisiana law," Professor Symeonides qualifies this hypothetical statement by limiting it to only those situations where "the court is convinced that . . . the case is exceptional enough to warrant invoking the escape clause of article 3547." Rec. Doc. 18 at 5. We do not find this case to be "exceptional enough" – using the Professor's qualifier - to warrant invoking the escape clause for the reasons discussed above. Further, the article does not provide any new information that would alter our analysis.

Additionally, plaintiffs do not provide any relevant basis for the request for discovery on this matter. Plaintiffs simply state that discovery is needed "to determine whether the Court should apply California or Tennessee law" and "to establish whether and to what extent Defendants' conduct warrants the application of a foreign state's punitive damages law." Rec. Doc. 18 at 8. Further discovery into defendants' conduct will not change the law on this issue and there are no other specific areas of discovery that would impact the above analysis. Accordingly, the LPLA applies and punitive damages are thereby disallowed.

New Orleans, Louisiana this 20th day of June, 2019

                                                 _____
                                                 SENIOR UNITED STATES DISTRICT JUDGE